Donald F. Schneider, Esq.
Bonnie D. Espino, Esq.
SILVERMAN SHIN & BYRNE PLLC
*Attorneys for Plaintiff Navigator Business Services LLC*
Wall Street Plaza
88 Pine Street, 22nd Floor
New York, New York 10005
Tel.: (212) 779-8600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
NAVIGATOR BUSINESS SERVICES LLC,

                                                                                                    21-cv-4479

                        Plaintiff,

        - against -                                    **COMPLAINT**

AIGUANG CHEN, XIU YUE LU and WILLIAM X. ZOU,

                                                    Defendants.
-------------------------------------------------------------------------x

        Plaintiff Navigator Business Services LLC ("Plaintiff"), by its undersigned attorneys, Silverman Shin & Byrne PLLC, as and for its Complaint herein, alleges:

**SUMMARY OF THIS ACTION**

        1.      While Defendant Aiguang Chen ("Aiguang") was a defendant in a pending action by Plaintiff to recover almost $3 million pursuant to Aiguang's absolute and unconditional guaranty of payment and performance of a loan by Plaintiff to Aiguang's company, and within days of his learning that a refinancing of the loan had fallen through, Aiguang promptly made a fraudulent conveyance of his interest in certain real property without any consideration. He transferred his interest in a property to Defendant Xiu Yue Lu ("Lu"), an individual believed to be his wife. This action is brought to obtain redress for such fraudulent conveyance.

## THE PARTIES

2. At all times relevant herein, Plaintiff was and still is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware. Plaintiff is not a New York State regulated bank or servicer or a federally backed mortgagee.

3. Upon information and belief, at all times relevant herein, Defendant Aiguang was and still is a citizen of the State of New York, residing in the Eastern District of New York.

4. Upon information and belief, at all times relevant herein, Defendant Lu was and still is a citizen of the State of New York, residing in the Eastern District of New York.

5. Upon information and belief, at all relevant times herein, Defendant William X. Zou ("Zou", and together with Aiguang and Lu, the "Defendants") was and still is a citizen of New York, residing in the Eastern District of New York.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the Plaintiff and its members, and the Defendants, are citizens of different States and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) as (i) one or more Defendants reside in the Eastern District of New York; (ii) a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of New York; and (iii) a substantial part of the property that is the subject of this action is situated in the Eastern District of New York.

**ADDITIONAL ALLEGATIONS**
**APPLICABLE TO ALL CLAIMS FOR RELIEF**

**The Loan Agreement**

8. On or about August 12, 2019, Plaintiff, as lender, and SH 168, LLC (the "Borrower"), as borrower, entered into a Commercial Loan Agreement ("Loan Agreement") pursuant to which Plaintiff loaned to Borrower, a New York limited liability company, the sum of $2,500,000 (the "Loan") pursuant to the terms and conditions set forth in the Loan Agreement.

9. Aiguang is a member of the Borrower.

10. Section 8 of the Loan Agreement provides that the Borrower will be in default in the event that, among other things, it fails to make any payment in full when due or it fails to perform any condition or to keep any promise or covenant set forth in the Loan Agreement.

**The Promissory Note**

11. Simultaneously with executing the Loan Agreement, the Borrower executed a promissory note in favor of Plaintiff pursuant to which the Borrower promised to repay to Plaintiff the principal sum of the Loan plus interest from August 12, 2019 until the promissory note matured on February 12, 2020 or the repayment obligation is accelerated (the "Promissory Note").

12. The Promissory Note further provides that the Borrower would make five payments of interest only in the amount of $28,125 each beginning on September 12, 2019 and on the twelfth day on each consecutive month thereafter, and a sixth and final payment on February 12, 2020 which shall consist of the entire unpaid balance of principal plus interest in the aggregate amount of $2,528,125.

**The Guaranty**

13. In consideration of the Loan to the Borrower, on or about August 12, 2019, Aiguang executed in favor of Plaintiff an absolute and unconditional guaranty of payment and performance of the Loan and the Loan Agreement, including without limitation payment of all principal, accrued interest, and attorneys' fees and collection costs that become due by the Borrower to the Plaintiff in collecting and enforcing the Loan Agreement and all other agreements between Plaintiff and the Borrower ("Guaranty"). A copy of the Guaranty is annexed hereto collectively as Exhibit A and made a part hereof.

14. The Guaranty provides that Aiguang will be in default in the event he fails to make a payment in full when due, fails to perform any condition or fails to keep any promise or covenant of the Guaranty, or a default occurs (except by Plaintiff) under the terms of any other document relating to the Loan.

**Borrower's Default**

15. The Borrower failed to make payments required by the Promissory Note when due.

16. As of November 30, 2020, the Borrower was in default in the payment of sums due and owing under the Promissory Note in the aggregate amount of $2,801,284.72, with interest accrued and accruing thereon at the daily default rate of $1,736.11 commencing December 1, 2020 (the "Indebtedness").

**Aiguang's Defaults Under the Guaranty**

17. Aiguang failed to pay the Indebtedness or any portion thereof despite due demand therefor.

577145_2

4

18. In addition, Aiguang failed to comply with Plaintiff's requests pursuant to Section 18 of his Guaranty that he provide financial statements and other specified documents and information concerning his financial conditions.

**The Action Against Aiguang to Recover
the Indebtedness Pursuant to His Guaranty**

19. In December 2020, Plaintiff filed a lawsuit against Aiguang and a second guarantor of the Indebtedness to recover the Indebtedness. *Navigator Business Services LLC v. Aiguang Chen*, et al., 20-cv-6159 (AMD-MHH) (the "Action").

20. On May 24, 2021, Zou, Aiguang's attorney of record in the Action, transmitted an email to Plaintiff's counsel therein, stating that he "was just informed" that a new prospective lender to the Borrower had decided not to refinance the Loan.

21. Four days later, on May 28, 2021, Aiguang executed a Deed by which he conveyed to Lu his interest in real property that he owned known as and by 14-17 117th Street, College Point, NY 11356 (the "Property"), for no consideration (the "Conveyance"). Zou appears on the Deed as the attorney of record. A copy of such Deed is annexed hereto as Exhibit B and made a part hereof.

22. Upon information and belief, the Conveyance and other fraudulent conveyances which are the subject of another litigation pending before this Court[1] collectively transferred substantially all of Aiguang's assets to Lu and certain other individuals, for no consideration.

---

[1] On July 13, 2021, Plaintiff commenced an action in the U.S. District Court for the Eastern District of New York entitled *Navigator Business Services LLC v. Aiguang Chen, Qin Wei Chen and Xiao Zhen Li,* Case No. 21-cv-03948 (AMD) (MMH) to seek redress for fraudulent conveyances by Aiguang of two other properties, one of which occurred on the same day as the Conveyance, with the other occurring four days prior thereto. Zou provided substantial assistance in the achievement of such conveyances, as alleged *infra*.

577145_2

## FIRST CLAIM FOR RELIEF
**(Debtor and Creditor Law § 274 Against Aiguang and Lu)**

23. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

24. Plaintiff's claims in the Action against Aiguang arose prior to the Conveyance.

25. Aiguang did not receive a reasonably equivalent value in exchange for the Conveyance.

26. Upon information and belief, Aiguang was insolvent at the time of the Conveyance or became insolvent as a result thereof.

27. As a result of the foregoing, Plaintiff is entitled to all remedies available under the Debtor and Creditor Law, including a judgment avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest.

## SECOND CLAIM FOR RELIEF
**(Debtor and Creditor Law § 273(a)(1) Against Aiguang and Lu)**

28. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

29. Upon information and belief, the Conveyance was made with the actual intent to hinder, delay or defraud Plaintiff.

30. As a result of the foregoing, Plaintiff is entitled to all remedies available under the Debtor and Creditor Law, including a judgment avoiding the Conveyance and directing the

return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest.

### THIRD CLAIM FOR RELIEF
**(Debtor and Creditor Law § 273(a)(2)(i) Against Aiguang and Lu)**

31. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32. Aiguang did not receive a reasonably equivalent value in exchange for the Conveyance.

33. Upon information and belief, at the time of the Conveyance, Aiguang was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

34. As a result of the foregoing, Plaintiff is entitled to all remedies available under the Debtor and Creditor Law, including a judgment avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest.

## FOURTH CLAIM FOR RELIEF
### (Debtor and Creditor Law § 273(a)(2)(ii) Against Aiguang and Lu)

35. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36. Upon information and belief, at the time of the Conveyance, Aiguang intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due.

37. As a result of the foregoing, Plaintiff is entitled to all remedies available under the Debtor and Creditor Law, including a judgment avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest.

## FIFTH CLAIM FOR RELIEF
### (Damages Against Aiguang and Lu)

38. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

39. Plaintiff has sustained damages as a result of the foregoing.

40. As a result thereof, Plaintiff is entitled to judgment against Aiguang and Lu in the amount of the fair market value of the Property.

**SIXTH CLAIM FOR RELIEF**
**(Aiding and Abetting Fraudulent Conveyance Against Zou)**

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

42. Among other things, Plaintiff's Complaint in the Action asserts claims against Aiguang pursuant to the Guaranty.

43. On February 16, 2021, Zou appeared as attorney of record for Aiguang in the Action and filed an Answer on his behalf.

44. Upon information and belief, after the commencement of the Action and after learning shortly before May 24, 2021 that Aiguang's efforts to refinance the subject property had failed, Zou conceived of a plan pursuant to which he assisted his client, Aiguang, in becoming judgment proof, leaving Plaintiff without any means of recovery in the event that it prevails on its claims against Aiguang in the Action.

45. With knowledge of Plaintiff's claims against Aiguang, on or about May 28, 2021, Zou aided and abetted and provided affirmative and substantial assistance to Aiguang and Lu in making the fraudulent conveyance of the Property to Lu for no consideration during the pendency of the Action.

46. Zou prepared the deed for both Aiguang and Lu, completed the notary acknowledgment in such deed, and caused the deed to be publicly recorded.

47. Upon information and belief, Zou had knowledge that the conveyance was fraudulent.

48. Plaintiff has been damaged by reason of the foregoing.

49. By reason of the foregoing, a money judgment should be entered against Zou in the amount of the fair market value of the Property.

## SEVENTH CLAIM FOR RELIEF
**(Aiding and Abetting Fraudulent Conveyance Against Zou)**

50. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 40 above as if fully set forth herein.

51. Among other things, Plaintiff's Complaint in the Action asserts claims against Aiguang pursuant to the Guaranty.

52. On February 16, 2021, Zou appeared as attorney of record for Aiguang in the Action and filed an Answer on his behalf.

53. Upon information and belief, after the commencement of the Action and after learning shortly before May 24, 2021 that Aiguang's efforts to refinance the subject property had failed, Zou conceived of a plan pursuant to which he assisted his client, Aiguang, in becoming judgment proof, leaving Plaintiff without any means of recovery in the event that it prevails on its claims against Aiguang in the Action.

54. With knowledge of Plaintiff's claims against Aiguang in the Action, on or about May 24, 2021, Zou affirmatively and substantially assisted Aiguang in conveying another property for no consideration, this time to an individual by the name of Xiao Zhen Li ("Li"). Such property is located at 14-19 117th Street, College Point, NY 11356 (the "14-19 Property").

55. Zou prepared the deed for the 14-19 Property for both Aiguang and Li, completed the notary acknowledgment in such deed, and caused the deed to be publicly recorded.

56. Aiguang did not receive a reasonably equivalent value in exchange for such conveyance.

57. Upon information and belief, Aiguang was insolvent at the time of such conveyance or became insolvent as a result thereof.

58. In addition, upon information and belief, such conveyance was made with the actual intent to hinder, delay or defraud Plaintiff.

59. Further, Aiguang did not receive a reasonably equivalent value in exchange for such conveyance and, upon information and belief, at the time of such conveyance, Aiguang was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

60. Upon information and belief, at the time of such conveyance, Aiguang intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due.

61. By reason of the foregoing, Aiguang's conveyance of the 14-19 Property is a fraudulent conveyance under New York's Debtor and Creditor Law.

62. Upon information and belief, Zou had knowledge that the conveyance of the 14-19 Property was fraudulent.

63. Zou aided and abetted and provided substantial assistance to Aiguang and Li in making the fraudulent conveyance of the 14-19 Property to Li for no consideration during the pendency of the Action.

64. Plaintiff has been damaged by reason of the foregoing.

65. By reason of the foregoing, a money judgment should be entered against Zou in the amount of the fair market value of the 14-19 Property.

**EIGHTH CLAIM FOR RELIEF**
**(Aiding and Abetting Fraudulent Conveyance Against Zou)**

66. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 above as if fully set forth herein.

67. Among other things, Plaintiff's Complaint in the Action asserts claims against Aiguang pursuant to the Guaranty.

68. On February 16, 2021, Zou appeared as attorney of record for Aiguang in the Action and filed an Answer on his behalf.

69. Upon information and belief, after the commencement of the Action and after learning shortly before May 24, 2021 that Aiguang's efforts to refinance the subject property had failed, Zou conceived of a plan pursuant to which he assisted his client, Aiguang, in becoming judgment proof, leaving Plaintiff without any means of recovery in the event that it prevails on its claims against Aiguang in the Action.

70. With knowledge of Plaintiff's claims against Aiguang in the Action, on or about May 28, 2021, Zou affirmatively and substantially assisted Aiguang in making the conveyance of an additional property for no consideration, this time to an individual by the name of Qin Wei Chen ("Chen"). Such property is located at 147-11 3rd Avenue, Whitestone, NY 11357 (the "Whitestone Property").

71. Zou prepared the deed for the Whitestone Property for both Aiguang and Chen, completed the notary acknowledgment in such deed, and caused the deed to be publicly recorded.

72. Aiguang did not receive a reasonably equivalent value in exchange for such conveyance.

73. Upon information and belief, Aiguang was insolvent at the time of such conveyance or became insolvent as a result thereof.

74. In addition, upon information and belief, such conveyance was made with the actual intent to hinder, delay or defraud Plaintiff.

75. Further, Aiguang did not receive a reasonably equivalent value in exchange for such conveyance and, upon information and belief, at the time of such conveyance, Aiguang was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

76. Upon information and belief, at the time of such conveyance, Aiguang intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they came due.

77. By reason of the foregoing, Aiguang's conveyance of the Whitestone Property is a fraudulent conveyance under New York's Debtor and Creditor Law.

78. Upon information and belief, Zou had knowledge that the conveyance of the Whitestone Property was fraudulent.

79. Zou aided and abetted and provided substantial assistance to Aiguang and Chen in making the fraudulent conveyance of the Whitestone Property to Chen for no consideration during the pendency of the Action.

80. Plaintiff has been damaged by reason of the foregoing.

81. By reason of the foregoing, a money judgment should be entered against Zou in the amount of the fair market value of the Whitestone Property.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. On the First Claim for Relief, avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to

levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest;

        b.      On the Second Claim for Relief, avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest;

        c.      On the Third Claim for Relief, avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest;

        d.      On the Fourth Claim for Relief, avoiding the Conveyance and directing the return to Aiguang of his interest in the Property, or alternatively, in the event that Plaintiff subsequently obtains a money judgment against Aiguang in the Action, authorizing Plaintiff to levy execution against the interest Aiguang conveyed in and to the Property, in the hands of Lu or any subsequent owner of such interest;

        e.      On the Fifth Claim for Relief against Aiguang and Lu, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon;

        f.      On the Sixth Claim for Relief against Zou, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon;

        g.      On the Seventh Claim for Relief against Zou, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon;

    h.  On the Eighth Claim for Relief against Zou, in an amount to be proven at the trial of this action, with interest accrued and accruing thereon; and

    i.  Granting such other and further relief as to this Court may seem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
   August 9, 2021

              SILVERMAN SHIN & BYRNE PLLC

            By: */s/   Donald F. Schneider*
              Donald F. Schneider
              Bonnie D. Espino
            *Attorneys for Plaintiff Navigator Business Services LLC*
            Wall Street Plaza
            88 Pine Street, 22nd Floor
            New York, New York 10005
            Tel.: (212) 779-8600
            E-mail: dschneider@silverfirm.com
                bespino@silverfirm.com